# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**ANTHONY EUGENE WILLIAMS**  PLAINTIFF

v.  CIVIL ACTION NO. 3:17-CV-P542-JHM

**MAJOR DUNNING** *et al.*  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a former inmate pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed in part, but Plaintiff will be allowed to amend his complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this 42 U.S.C. § 1983 action against the Kentucky Department of Corrections (KDOC); the Todd County Detention Center (TCDC); and TCDC Major Dunning. Plaintiff does not indicate whether he is suing Major Dunning in her official or individual capacity.

Plaintiff alleges that on the day he was being transported from the TCDC to Louisville, Defendant Dunning insisted that he take off his Todd County jumpsuit even though Plaintiff told Defendant Dunning that he had nothing else to wear. Plaintiff states that Defendant Dunning "didn't give a damn what I left in." Plaintiff further states that the Jefferson County Sheriff did not want to transport Plaintiff in his boxers but had no choice because he had "four other stops" to make. Plaintiff writes that although he pleaded with Defendant Dunning not to make him leave the jail in his boxers, she "laughed and smirked with remarks and thought it was funny." Plaintiff states that his transport to Louisville took three hours and that he was "boxed in with other inmates with clothing and embarrassed at every stop."

As relief, Plaintiff seeks compensatory damages and requests that Defendant Dunning be reprimanded.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this

standard of review does require more than the bare assertion of legal conclusions. *See Columbia Nat. Res., Inc*. *v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v*. *Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. DEFENDANT KENTUCKY DEPARTMENT OF CORRECTIONS

The Court first notes that Plaintiff does not make any specific allegations against the KDOC in his complaint. However, even if he had, his claim against the KDOC would fail because the KDOC is an agency of the Commonwealth. Under the Eleventh Amendment to the U.S. Constitution, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *Puerto*

*Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Thus, the Court will dismiss Plaintiff's claim against the KDOC for failure to state to a claim upon which relief may be granted.

### B. DEFENDANT TODD COUNTY DETENTION CENTER

The TCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 U.S. App. LEXIS 28072 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Todd County that is the proper defendant in this case. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Todd County is a "person" for purposes of 1983. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Court will therefore construe the claims against the TCDC as against Todd County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality or private corporation is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The municipality is only liable when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Municipalities cannot be held liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of *respondeat superior*. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).

Here, Plaintiff does not allege that the allegedly unconstitutional act taken against him by Defendant Dunning was the result of an official custom or policy of Todd County. Thus, the Court will dismiss Plaintiff's claim against the TCDC for failure to state a claim upon which relief may be granted.

### C. DEFENDANT MAJOR DUNNING

In his complaint, Plaintiff does not indicate whether he is suing Defendant Dunning in her official or individual capacity. If Plaintiff intended to sue Defendant Dunning in her official capacity, his claim against her fails for the same reason his claim against the TCDC fails. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant Dunning, as an employee of the TCDC, is actually against her employer, Todd County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). As indicated above, because Plaintiff does not allege that his constitutional rights were

violated as a result of a custom or policy of Todd County, any official-capacity claim against Defendant Dunning must fail.

Plaintiff, however, may have stated an individual-capacity claim against Defendant Dunning for allegedly forcing him to wear only boxers during his three-hour transport to Louisville with other inmates. In his complaint, Plaintiff claims that this act constituted cruel and unusual punishment.[1] This act may also have violated Plaintiff's privacy rights under the Fourth Amendment. *See, e.g.*, *Crozier v. Masto*, 3:10-cv-00082-LRH-VPC, 2010 U.S. Dist. LEXIS 128604, at *7-8 (D.C. Nev. Nov. 18, 2010) (finding that plaintiff who was made to wear nothing but boxers and shoes when he was outside of his cell stated a colorable Fourth Amendment right to bodily privacy claim); *Byler v. Dep't of Corr.*, No. 09-CV-671, 2009 U.S. Dist. LEXIS 103494 (D.C. Del. Nov. 2, 2009) (finding allegations that plaintiff was forced to stand at the entrance of his housing unit in only his boxers and shower shoes for 20-30 minutes, where over 200 inmates passed by him, and several made sexual comments to him, suggested possible Fourth and/or Eighth Amendment claims). The Court, however, cannot properly analyze these claims until Plaintiff indicates whether he intended to sue Defendant Dunning in her individual capacity and whether he was a pretrial detainee or a convicted prisoner when Defendant Dunning allegedly forced him to be transported in his boxers. Accordingly, the Court will allow Plaintiff an opportunity to amend his complaint to clarify this information. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

---

[1] The Eighth Amendment's proscription against cruel and unusual punishment only applies to convicted prisoners. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). However, "[t]he Due Process Clause of the Fourteenth Amendment extends the protection of the Eighth Amendment to pretrial detainees such as Plaintiff." *Harrell v. Grainger Cty., Tenn.*, 391 F. App'x 519, 522 (6th Cir. 2010).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against **the KDOC and the TCDC are DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint. To proceed with this action, Plaintiff must indicate whether he intended to sue Defendant Dunning in her individual capacity. Plaintiff should also indicate whether he was a pretrial detainee or convicted prisoner when Defendant Dunning allegedly forced him to be transported in his boxers.**

The Clerk of Court is **DIRECTED** to write the instant case number and "Amended" on a § 1983 complaint form and send it to Plaintiff for his completion should he wish to file an amended complaint.

<u>**Plaintiff is WARNED that his failure to file an amended complaint within the time allotted will result in dismissal of the entire action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted**</u>.

Date: November 28, 2017

Joseph H. McKinley, Jr., Chief Judge
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Todd County Attorney
4414.011