# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**ANTHONY EUGENE WILLIAMS**                                              **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 1:18-CV-P6-GNS**

**MAJOR DUNNING** *et al.*                                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a former prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2).[1] For the reasons set forth below, Plaintiff's individual-capacity claims against Defendant Dunning for damages will be allowed to proceed, but his claims for injunctive relief will be dismissed.

## I. SUMMARY OF CLAIMS

In the complaint, Plaintiff alleges that on the day he was being transported from the Todd County Detention Center (TCDC) to Louisville, Defendant Dunning insisted that he take off his Todd County jumpsuit even though Plaintiff told Defendant Dunning that he had nothing else to wear. Plaintiff states that Defendant Dunning "didn't give a damn what I left in." Plaintiff further states that the Jefferson County Sheriff did not want to transport Plaintiff in his boxers but had no choice because he had "four other stops" to make. Plaintiff writes that although he pleaded with Defendant Dunning not to make him leave the jail in his boxers, she "laughed and smirked with remarks and thought it was funny." Plaintiff states that his transport to Louisville

---

[1] In its screening of Plaintiff's original complaint, the Court dismissed Plaintiff's claims against the Kentucky Department of Correction and the Todd County Detention Center, but allowed Plaintiff the opportunity to amend his complaint to indicate whether he was suing Defendant Dunning in her individual capacity and whether he was a pretrial detainee or a convicted prisoner (DN 9).

took three hours and that he was "boxed in with other inmates with clothing and embarrassed at every stop."

In his amended complaint, Plaintiff clarifies that he is suing Defendant Dunning in her official and individual capacities and indicates that he was a convicted prisoner when the above incident occurred. He also indicates that, as relief, he seeks compensatory and punitive damages, and that Defendant Dunning be reprimanded and the "expungement of all Plaintiff's charges over (5) years old."

## II. LEGAL STANDARD

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require

[it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Based upon the allegations set forth above, the Court finds that Plaintiff has stated colorable claims against Defendant Dunning in her individual capacity for violations of the Fourth and Eighth Amendments. *See, e.g.*, *Crozier v. Masto*, 3:10-cv-00082-LRH-VPC, 2010 U.S. Dist. LEXIS 128604, at *7-8 (D.C. Nev. Nov. 18, 2010) (finding that plaintiff who was made to wear nothing but boxers and shoes when he was outside of his cell stated a colorable Fourth Amendment right to bodily privacy claim); *Byler v. Dep't of Corr.*, No. 09-CV-671, 2009 U.S. Dist. LEXIS 103494 (D.C. Del. Nov. 2, 2009) (finding allegations that plaintiff was forced to stand at the entrance of his housing unit in only his boxers and shower shoes for 20-30

3

minutes, where over 200 inmates passed by him, and several made sexual comments to him, suggested possible Fourth and/or Eighth Amendment claims).

However, as the Court explained in its screening of Plaintiff's original complaint, Plaintiff's official-capacity claim against Defendant Dunning fails to state a claim upon which relief may be granted. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant Dunning, as an employee of the TCDC, is actually against her employer, Todd County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or private corporation is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The municipality is only liable when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Municipalities cannot be held liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of *respondeat superior*. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Here, Plaintiff does not allege that the allegedly unconstitutional act taken against him by Defendant Dunning was the result of an official custom

or policy of Todd County. Thus, the Court will dismiss Plaintiff's official-capacity claim against Defendant Dunning.

The Court will also dismiss Plaintiff's claims for injunctive relief for failure to state a claim upon which relief may be granted. Plaintiff first requests that Defendant Dunning be reprimanded. However, because Plaintiff is no longer incarcerated at the TCDC,[2] this request for injunctive relief is moot. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). *See also Simmons v. Hays Cty. Sheriff's Dept.*, 552 F. App'x 348, 349 (5th Cir. Jan. 15, 2014) (holding plaintiff's request for "reprimands" of defendants moot because he had been transferred to another jail); *Warren v. Schick*, No. 1:13-cv-274-FDW, 2014 U.S. Dist. LEXIS 50370 (W.D. N.C. Apr. 10, 2014) (dismissing plaintiff's request for injunctive relief in form of reprimand of defendant because plaintiff had been transferred to another facility).

Plaintiff also requests injunctive relief in the form of expungement of his record. However, expungement is not an available remedy under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983."). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, Plaintiff cannot seek relief in the form of expungement of his record under § 1983, and his claim for such relief will be dismissed for failure to state a claim.

---

[2] Plaintiff indicates that his current address is in Louisville, Kentucky (DN 11).

## IV. CONCLUSION

Accordingly**, IT IS HEREBY ORDERED** that Plaintiff's official-capacity claim against Defendant Dunning and his claims for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

However, the Court will allow Plaintiff's individual-capacity claims against Defendant Dunning to proceed under both the Fourth and Eighth Amendments.

The Court will enter a separate Order Regarding Service and Scheduling Order to govern the development of the continuing claims.

Date: January 10, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendant
Todd County Attorney
4416.011